**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GARY LACY,**
        **Petitioner,**

**v.**                                     **Civil Action No. 2:06cv9**
                                         **(JUDGE MAXWELL)**

**JOYCE FRANCIS, Warden**
        **Respondent.**

## REPORT AND RECOMMENDATION

On January 27, 2006, the *pro se* petitioner, Gary Lacy, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 requesting that his conviction be set aside. By Order entered February 14, 2006, the Court directed the respondent to show cause why the writ should not be granted. On March 21, 2006, the respondent filed his response, and on March 21, 2006, the petitioner filed a reply to the respondent's response. On May 17, 2006, the petitioner filed a supplemental reply, and on June 21, 2006, he filed a motion for leave to file additional exhibits. Finally, on August 15, 2006, the petitioner filed a motion for judgment on the pleadings.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 23, 2004, a federal grand jury[1] indicted petitioner for violations of Title 18 U.S.C. § 2113(a), Bank Robbery by Force or Violence, and 18 U.S.C. § 2, Aiding and Abetting. Originally, petitioner was represented by Jacqueline A Johnson, Assistant Federal Public Defender, who entered

---

[1] The petitioner's criminal proceedings took place in the United States District Court for the Northern District of Ohio.

into plea negotiations with the government. As a result of those plea negotiations, the Government filed a superceding information reducing petitioner's charge to Accessory after the Fact, a Violation of 18 U.S.C. § 3.

On October 14, 2004, petitioner appeared with counsel for an arraignment and plea hearing. At the plea hearing, petitioner indicated that he had reviewed the Government's superceding information with counsel and that he was satisfied with counsel's representation and advice. (Case No. 5:04cr326, Dkt. #37 at 4-5, Transcript of Arraignment and Plea Proceedings). Thereafter, petitioner was scheduled for sentencing on February 3, 2005. At his sentencing hearing, petitioner informed the Court that he wished to withdraw his guilty plea and asked the Court to provide him with new counsel. (Case No. 5:04cr326, Dkt. #39).

On May 24, 2005, petitioner, through new counsel, filed a "Motion to Withdraw Plea of Guilty," which the Court denied on May 26, 2005. (Case No. 5:04cr326, Dkt. #26, 27). On May 26, 2005, petitioner pleaded guilty to count 1 of the superceding information. On that same date, the Court sentenced the petitioner to, *inter alia*, thirty-nine months imprisonment with three years of supervised release. (Case No. 5:04cr326, Dkt. #28, 29).

Petitioner appealed the District Court's decision to the United States Court of Appeals for the Sixth Circuit. (Case No. 5:04cr326, Dkt. #30, Notice of Appeal). On October 11, 2005, the Sixth Circuit granted petitioner's motion to voluntarily dismiss his appeal. (Case No. 5:04cr326, Dkt. #35).

On October 6, 2005, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. As grounds for his motions, the petitioner alleged that he received ineffective assistance of counsel. While that motion was pending in the Northern District of Ohio,

the petitioner filed his instant motion under 28 U.S.C. § 2241 § 2241.[2] In his motion and responses, the petitioner contends that he should be permitted to proceed pursuant to § 2241(c)(3) because the Bureau of Prisons is executing a sentence that was wrongfully imposed as a result of an improper conviction. The respondent contends that the petitioner is not entitled to any relief under § 2241.

## II. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence vacated, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner in entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new

---

[2]A §2241 petition must be filed in the district wherein the petitioner is in custody. Therefore, although the petitioner was convicted in the Northern District of Ohio, he is currently incarcerated at FCI Gilmer, which is located in the Northern District of West Virginia.

3

rule is not one of constitutional law.³

Jones, supra at 333-34.

As the record from the Northern District of Ohio reflects, the petitioner was convicted of being an accessory after the fact in violation of 18 U.S.C. § 3. Being an accessory after the fact continues to be a violation of 18 U.S.C. § 3. Therefore, the petitioner does not meet any of the Jones requirements and has not established a right to proceed in this Court under the provisions found at 28 U.S.C. §2241.

### III. MOTION FOR LEAVE TO FILE ADDITIONAL EXHIBITS

On June 21, 2006, the petitioner filed a Motion For Leave to File Additional Exhibits. (Doc. 9-1). Attached to the Motion was the Judgment entered by the United States District Court for the Northern District of Ohio denying and dismissing his § 2255 motion. As well, the petitioner attached the Memorandum Opinion and Order entered by the same court on May 26, 2005, denying his Motion to Withdraw Guilty Plea. Inasmuch as the additional exhibits were available to the respondent though Pacer and have no impact on the petitioner's instant § 2241 action, the respondent will not be prejudiced by their inclusion in the record. Accordingly, the petitioner's Motion (Doc. 9-1) is **GRANTED**.

### IV. RECOMMENDATION.

---

³The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. §2255; see Jones. 226 F.3d at 330.

4

Based on the foregoing, the undersigned recommends that (1) the petitioner's §2241 petition (Doc. 1) be **DENIED and DISMISSED WITH PREJUDICE**; and (2) the petitioner's Motion for Judgment on the Pleadings (Doc. 10) be **DENIED**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984);

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: September 6, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE